UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JAMAL PINKERTON :
:
v. : C.A. No. 19-00500-WES
:
MATTHEW KETTLE :

**REPORT AND RECOMMENDATION FOR**
**SUMMARY DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)**

Lincoln D. Almond, United States Magistrate Judge

**Background**

Pending before me for determination is Plaintiff's Application to Proceed In Forma Pauperis ("IFP") (ECF Doc. No. 3) pursuant to 28 U.S.C. § 1915. On September 24, 2019, Plaintiff Jamal Pinkerton, an A.C.I. inmate, filed a hand-written pro se Complaint alleging violations of his rights under the Eighth and Fourteenth Amendments to the United States Constitution. Plaintiff's Complaint is accompanied by an Application to Proceed IFP without being required to prepay costs or fees, including the $400.00 civil case filing fee. After reviewing Plaintiff's Application, I conclude that it is incomplete and should be DENIED without prejudice. In particular, the Application is not signed by Plaintiff under penalty of perjury as required, and it is not accompanied by a certified statement of Plaintiff's inmate account for the last six months as required.[1]

If IFP status were granted, this Court would also be required by statute to further review Plaintiff's Complaint sua sponte under 28 U.S.C. § 1915(e)(2)(B) and to dismiss this suit if it is

---

[1] In addition to not being certified, the inmate account statement goes back only five months and not the required six months.

"frivolous or malicious," "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." For the reasons discussed below, I recommend that Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE due to non-exhaustion of administrative remedies.

**Standard of Review**

Section 1915 of Title 28 requires a federal court to dismiss an action brought thereunder if the court determines that the action is frivolous, fails to state a claim or seeks damages from a defendant with immunity. 28 U.S.C. § 1915(e)(2)(B). The standard for dismissal of an action taken IFP is identical to the standard for dismissal on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6). See Fridman v. City of N.Y., 195 F. Supp. 2d 534, 538 (S.D.N.Y. 2002). In other words, the court "should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts." Roma Constr. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996). Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A claim "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The First Circuit has held that the affirmative defense of the statute of limitations may justify dismissal under Section 1915, see Street v. Vose, 936 F.2d 38, 39 (1st Cir. 1991), and other courts have upheld dismissals under Section 1915 because of other affirmative defenses appearing on the face of a complaint. See e.g., Kimble v. Beckner, 806 F.2d 1256, 1257 (5th Cir. 1986).

**Discussion**

I recommend that Plaintiff's Complaint be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). In making this recommendation, I have taken all of the allegations in Plaintiff's Complaint as true and have drawn all reasonable inferences in his favor. Estelle v. Gamble, 429

U.S. 97 (1976). In addition, I have liberally reviewed Plaintiff's allegations and legal claims since they have been put forth by a pro se litigant. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972). However, even applying these liberal standards of review to Plaintiff's Complaint, dismissal is required, but without prejudice to refiling after exhaustion of administrative remedies.

Plaintiff's Complaint is bare bones. He alleges violation of the Eighth and Fourteenth Amendments based on a burn (and resulting scar) he received on his left buttock on February 16, 2017. He alleges that he was injured "by no choice of [his] own" when he "made contact with uncovered, hot steam pipes" in the shower area. (ECF No. 1 at p. 5). He indicates that he received medical treatment following the injury. Id. He seeks an order requiring the A.C.I. to "remedy the burn hazard" and compensation for his burn injury. Id.

From these facts, it is reasonable to infer that Plaintiff was accidentally burned and is claiming that the A.C.I. was negligent and/or indifferent to inmate safety by exposing him to an uncovered, hot steam pipe in the shower area. Plaintiff fails to state a viable Fourteenth Amendment claim since it is it is well established "that mere negligence causing unintended…injury…by a state official is not the type of state action the Fourteenth Amendment's due process clause was meant to address." Ashness v. Quick, No. 89-0057-L, 1990 WL 40925 at *1 (D.R.I. Mar. 13, 1990) (citing Daniels v. Williams, 474 U.S. 327 (1986) and Davidson v. Cannon, 474 U.S. 344 (1986)). However, although his claim is thin, Plaintiff arguably states at least a plausible Eighth Amendment conditions of confinement claim, i.e., a deliberate indifference to inmate safety. See Jefferson v. Raimondo, No. 17-439-WES, 2018 WL 3873233 at **8-9 (D.R.I. Aug. 15, 2018).

Although Plaintiff may state a plausible Eighth Amendment claim, his claim must be dismissed at this time as a matter of law due to his admitted failure to exhaust his administrative

remedies under the A.C.I. Inmate Grievance Procedure. The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e, provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Section 1997e requires an inmate to exhaust all available administrative processes before filing a federal lawsuit relating to the conditions of his or her confinement, even if some or all of the relief the inmate seeks is not available through the administrative process." Young v. Wall, No. Civ.A. 03-220S, 2006 WL 858085, at *2 (D.R.I. Feb. 27, 2006) (citing Booth v. Churner, 532 U.S. 731, 734 (2001)). The "PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). In Woodford v. Ngo, 548 U.S. 81 (2006), the Supreme Court held that "to properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules'—rules that are defined not by the PLRA, but by the prison grievance process itself." Jones v. Bock, 549 U.S. 199, 218 (2007) (quoting Ngo, 548 U.S. at 88) (internal citation omitted; see also id. ("[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.").

Here, Plaintiff indicates in his Complaint that he did not file a grievance concerning the events underlying his claims. (ECF No. 1 at p. 7). In addition, his only explanation for not filing a grievance is that he "didn't know [he] had to file one." Id. When asked on the Complaint form if he otherwise informed prison officials of his claim, he states only that he "showed the block officer the burn and he sent [Plaintiff] to the hospital." Id. These assertions of Plaintiff are more

than sufficient to support a non-exhaustion finding as a matter of law. Plaintiff did not file a grievance with the A.C.I., has no valid excuse for not doing so and did not otherwise informally present his grievance about the exposed steam pipe to prison officials. Because the PLRA mandates that Plaintiff exhaust his administrative remedies within the correctional facility before coming to this Court, Plaintiff's failure to do so requires that this Complaint be DISMISSED without prejudice due to non-exhaustion.

**Conclusion**

For the reasons stated, Plaintiff's Motion to Proceed In Forma Pauperis (ECF No. 3) is DENIED without prejudice. In addition, I further recommend that Plaintiff's Complaint (ECF No. 1) be DISMISSED WITHOUT PREJUDICE due to non-exhaustion of administrative remedies pursuant to the PLRA.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
October 2, 2019